Wayne CONTRERAS, Petitioner—Appellant,

v.

Rosie B. GARCIA, Warden; Attorney General of the State of California, Respondents—Appellees.

No. 01–57131.

D.C. No. CV–00–02647–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 2004.

Decided Feb. 26, 2004.

Verna J. Wefald, Pasadena, CA, Wayne Contreras, pro se, Imperial, CA, for Petitioner–Appellant.

David A. Wildman, Deputy Atty. Gen., AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM*

Appellant Wayne Contreras requests a remand to district court for application of *Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir.2003), to his habeas petition. We see

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

no need to remand this case, as the adequacy of a state procedural bar is a matter of law that we review *de novo*. *See Cockett v. Ray*, 333 F.3d 938, 941 (9th Cir.2003).

The California Supreme Court's holding in *In re Lindley*, 29 Cal.2d 709, 723, 177 P.2d 918 (1947), that sufficiency-of-the-evidence issues are not cognizable on habeas and must be raised on direct appeal, is an adequate and independent state ground upon which to predicate procedural default. The sole case cited by Contreras for the proposition that *Lindley* is not well-established and regularly applied, *In re Giannini*, 69 Cal.2d 563, 72 Cal.Rptr. 655, 446 P.2d 535 (1968), *overruled on other grounds by Crownover v. Musick*, 9 Cal.3d 405, 431, 107 Cal.Rptr. 681, 509 P.2d 497 (1973), actually reinforces the applicability of *In re Lindley*. In footnote 11, the court distinguishes sufficiency-of-the-evidence challenges from cases where *no* evidence is presented regarding an element of the charge. *See In re Giannini*, 69 Cal.2d at 577 n. 11, 72 Cal.Rptr. 655, 446 P.2d 535.

In any event, a single case—especially one decided over thirty-five years ago—would not eviscerate the otherwise consistent application of *In re Lindley*. *See In re Adams*, 14 Cal.3d 629, 636, 122 Cal. Rptr. 73, 536 P.2d 473 (1975); *In re Kipp*, 2003 Cal. LEXIS 8722, at *1–*2 (Nov. 12, 2003) (reaffirming the validity of *In re Lindley*); *see also Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir.1996) ("[T]he consistent application rule requires application of the procedural rule only in the vast majority of cases.") (citation omitted).

The state adequately pled the existence of an adequate state procedural bar, and Contreras was unable to demonstrate that the procedural bar in question is other than well-established and regularly applied.

**AFFIRMED.**